# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY CARROLL,

    Plaintiff,

    v.

LACKAWANNA COUNTY et al.,

    Defendants.

CIVIL ACTION NO. 3:12-cv-2308

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Partial Motion to Dismiss Amended Complaint (Doc. 13) filed by Defendants Lackawanna County, Corey O'Brien, Michael Washo, and A.J. Munchak (collectively, "Defendants"). Defendants move to dismiss Count II of the Amended Complaint ("Am. Compl.," Doc. 11) filed by Plaintiff Nancy Carroll ("Carroll") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Because Carroll has failed to state facts to sufficiently allege that she had a property interest in employment or that the disclosures surrounding her demotion were stigmatizing and false, Defendants' motion will be granted.

## BACKGROUND

The facts as alleged in the Amended Complaint (Doc. 11) are as follows:

Carroll has been employed by the Lackawanna County Prison for seventeen (17) years. (Am. Compl., ¶ 1.) Over the course of her employment, she eventually rose to the rank of Lieutenant and was the sole woman serving in that position. *Id.* at ¶¶ 1-2. On or about December 16, 2010, she was demoted to the rank of Corrections Officer and suffered

a $20,000 reduction in pay. *Id.* at ¶ 16. Carroll did not violate any policy and had no disciplinary warnings in her file prior to her demotion. *Id.* at ¶ 15. Several male counterparts who violated policies were not demoted and did not receive a $20,000 pay cut. *Id.* at ¶ 18. Defendants employ a progressive discipline policy. *Id.* at ¶ 5. Defendants alleged that Carroll was demoted for a policy violation. *Id.* at ¶ 18. Carroll's name was "disclosed to local media along with her disciplinary action, wrongful demotion and other remarks that caused her to be viewed with hatred and ridiculed since they implied that she was responsible for the beating of an inmate." *Id.* at ¶ 24. Carroll has enjoyed a good reputation for truth, honesty, and reliability in her trade and in the community. *Id.* at ¶ 26. Her reputation has been tarnished based on the statements made surrounding her demotion. *Id.* at ¶ 28.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his or her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual

3

allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## DISCUSSION

**Due Process Claims**

The Fourteenth Amendment to the United States Constitution provides that a state may not "deprive any person of life, liberty, or property, without due process of law,

. . ." U.S. Const. amend. XIV, § 1.  To state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege:

> (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the Defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.

*Sample v. Diecks*, 885 F.2d 1099, 1113–14 (3d Cir.1989).  In Count II of her Amended Complaint, Carroll asserts a violation of both her "straight due process" rights[1] and her "right to be free from injury to reputation and given due process stigma-plus claim." (Am. Compl., 6.)  Defendants seek dismissal of both claims in Count II.

**1.      Property Interest**

For purposes of procedural due process, courts look to state law to determine whether a property interest exists.  *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) ("Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.")).  Contract terms or provisions of collective bargaining agreements can also give rise to a protected property interest.  *See Unger v. Nat'l Residents Matching Program,* 928 F.2d 1392, 1397 (3d Cir.1991) ( "Today it is beyond dispute that a contract with a state entity can give rise to a property right protected by the Fourteenth Amendment.").

---

[1]      This portion of Count II of the Amended Complaint has been construed as a procedural due process claim.

In her Amended Complaint, Carroll has failed to allege either that a provision of state law creates a property interest in her employment or that she was covered by a collective bargaining agreement or contract with terms that created a property interest in her employment. Carroll does argue that Defendants "have admitted that Plaintiff has a property interest" because they "provided Plaintiff with an alleged *Loudermill* hearing." (Doc. 17, 11.) However, this argument, contained in her Brief in Opposition to Defendants' Partial Motion to Dismiss, is insufficient to allege a property interest in her employment. Therefore, the Court will grant Defendants' motion with respect to the procedural due process portion of Count II the Amended Complaint regarding deprivation of a property interest.

## 2.     Liberty Interest

A plaintiff can state a due process claim for deprivation of a liberty interest in her reputation by showing "'a stigma to [her] reputation plus deprivation of some additional right or interest.'" *Dee v. Borough of Dunmore*, 549 F.3d 225, 233–34 (3d Cir. 2008) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)). To satisfy the "stigma" prong, the purportedly stigmatizing statements must have been made publically and be false. *Hill*, 455 F.3d at 236 (citations omitted); *see also Brown v. Montgomery Cnty.*, 470 Fed. App'x. 87, 91 (3d Cir. 2012) (to establish the "stigma" prong, the employee must show: "1) publication of 2) a substantially and materially false statement that 3) infringed upon the reputation, honor, or integrity of the employee."). However, "'no liberty interest of constitutional significance is implicated when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance.'" *Fox v. Cheltenham Twp. Auth.*, No. 12–716, 2012 WL 2273424, at *4

6

(E.D. Pa. June 18, 2012) (quoting *Mercer v. City of Cedar Rapids*, 308 F.3d 840, 845 (8th Cir. 2002)); *see also Chinoy v. Pa. State Univ.*, No. 11–1263, 2012 WL 727965, at *5 (M.D. Pa. Mar. 6, 2012) (dismissing the plaintiff's due process claim because alleged statements regarding professional competence are insufficient to satisfy stigma part of the analysis); *Kohn v. Sch. Dist. of Harrisburg*, 817 F.Supp.2d 487, 498 (M.D. Pa.2011) (dismissing due process claim because statements concerning competency and job performance are insufficient to satisfy the stigma part of the stigma plus test); *Poteat v. Harrisburg Sch. Dist.*, 33 F.Supp.2d 384, 393 (M.D. Pa.1999) ("charges of incompetence do not implicate the liberty interest a public employee has in the manner of discharge").

Here, Carroll has failed to adequately state facts that she was subject to stigmatizing statements that were false, and therefore fails to state a stigma plus claim. Specifically, Carroll alleges that her "name was disclosed to local medial along with her disciplinary action, wrongful demotion and other remarks that caused her to be viewed with hatred and ridiculed since they implied that she was responsible for the beating of an inmate." (*Am. Compl.,* ¶ 24.) As noted above, employer allegations of improper and inadequate job performance or malfeasance are insufficient to give rise to a stigma plus claim. Furthermore, the Amended Complaint contains no allegations regarding the content of the"other remarks" or that they were substantially and materially false. Therefore, Carroll's stigma plus claim in Count II will be dismissed.

## CONCLUSION

Defendants' Partial Motion to Dismiss Amended Complaint will be granted because Carroll failed to sufficiently allege that she has a property interest in her employment or that false and stigmatizing disclosures were made surrounding her

7

demotion. Carroll's claims shall be dismissed without prejudice and she will be afforded an opportunity to properly plead her claims against Defendants.

An appropriate order follows.

| | |
|---|---|
| November 22, 2013<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |