**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NANCY CARROLL, | CIVIL ACTION NO. 3:12-cv-2308 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| LACKAWANNA COUNTY et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is a Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 22) filed by Defendants Lackawanna County, Corey O'Brien, Michael Washo, and A.J. Munchak (collectively, "Defendants"). Defendants move to dismiss Count II of the Second Amended Complaint ("Sec. Am. Compl.," Doc. 21) filed by Plaintiff Nancy Carroll under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Because the Second Amended Complaint adequately sets forth a stigma-plus claim, the partial motion to dismiss will be denied.

**BACKGROUND**

In its November 22, 2013 Memorandum and Order, the Court granted Defendants' prior Partial Motion to Dismiss Amended Complaint (Doc. 13) without prejudice because Carroll failed to sufficiently allege that she had a property interest in her employment or that disclosures surrounding her demotion were stigmatizing and false. *Carroll v. Lackawanna Count et al.*, No. 12-cv-2308, 2013 WL 61478737, at *1 (M.D. Pa. Nov. 22, 2013). On December 13, 2013, Carroll filed her Second Amended Complaint (Doc. 21), which contains the following facts:

Carroll was a seventeen (17) year veteran employee of Lackawanna County. (Sec. Am. Compl., ¶ 1.) Over the course of her employment, she eventually rose to the rank of Lieutenant and was the sole woman serving in that position. *Id.* at ¶¶ 1-2 . On or about December 16, 2010, she was demoted to the rank of Corrections Officer and suffered a $20,000 reduction in pay. *Id.* at ¶ 18. Carroll did not violate any policy and had no disciplinary warnings in her file prior to her demotion. *Id.* at ¶¶ 17-19. Several male counterparts who violated policies were not demoted and did not receive a $20,000 pay cut. *Id.* at ¶ 20. Defendants employ a progressive discipline policy. *Id.* at ¶ 21. Defendants alleged that Carroll was demoted for a policy violation. *Id.* at ¶ 20. Defendants disclosed Carroll's name to local media outlets "accusing her of wrongdoing associated with allowing the criminal act of an inmate beat down by another inmate" and that the "'hearings' for Plaintiff and four others were 'tied to Pinto attack.'" *Id.* ¶ 26. Carroll had no involvement in the Pinto attack and was not responsible for it, and therefore "any representation that Carroll caused the Pinto attack is untrue." *Id.* at ¶ 27. When reporting on the disciplinary actions to be taken against Carroll and other personnel, a media report stated that "'jail house beat downs are the norm.'" *Id.* at ¶ 28. Carroll asserts that she was "not responsible for any jail house beating, including but not limited to the Pinto assault" and that "[c]onsequently, said representation is false." *Id.* at ¶ 29. Carroll also asserts that Defendants publicly disclosed "the allegation that Plaintiff had [sic] lapse of judgment and violated policy, which she did not." *Id.* at ¶ 31. Due to this media coverage and "wrongful disclosures by Defendants," Plaintiff was subjected to ridicule and scorn by the community. *Id.* at ¶ 32.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint,

in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his or her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and

evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.[1] *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington*

---

[1] Defendants filed an Exhibit ("Exhibit A," Doc. 26) in support of their partial motion to dismiss. The Court excludes this exhibit and did not consider it in ruling on this motion as it is not "undisputedly authentic."

*Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## DISCUSSION

In Count II of her Second Amended Complaint, Carroll asserts a "violation of [her] constitutional right to be free from injury to reputation and given due process stigma-plus claim" (Sec. Am. Compl., Count II.)  A plaintiff can state a due process claim for deprivation of a liberty interest in her reputation by showing "'a stigma to [her] reputation plus deprivation of some additional right or interest.'"  *Dee v. Borough of Dunmore*, 549 F.3d 225, 233–34 (3d Cir. 2008) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)).  To satisfy the "stigma" prong, the purportedly stigmatizing statements must have been made publically and be false.  *Hill*, 455 F.3d at 236 (citations omitted); *see also Brown v. Montgomery Cnty.*, 470 Fed. App'x. 87, 91 (3d Cir. 2012) (to establish the "stigma" prong, the employee must show: "1) publication of 2) a substantially and materially false statement that 3) infringed upon the reputation, honor, or integrity of the employee.").  However, "'no liberty interest of constitutional significance is implicated when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance.'"  *Fox v. Cheltenham Twp. Auth.*, No. 12–716, 2012 WL 2273424, at *4 (E.D. Pa. June 18, 2012) (quoting *Mercer v. City of Cedar Rapids*, 308 F.3d 840, 845 (8th Cir. 2002)); *see also Chinoy v. Pa. State Univ.*, No. 11–1263, 2012 WL 727965, at *5 (M.D. Pa. Mar. 6, 2012) (dismissing the plaintiff's due process claim because alleged statements regarding professional competence are insufficient to satisfy the stigma part of the analysis); *Kohn v. Sch. Dist. of Harrisburg*, 817 F.Supp.2d 487, 498 (M.D. Pa.2011) (dismissing a due process claim because statements concerning competency and job performance are insufficient to satisfy the stigma part of the stigma plus test); *Poteat v. Harrisburg Sch. Dist.*, 33 F.Supp.2d 384,

393 (M.D. Pa.1999) ("charges of incompetence do not implicate the liberty interest a public employee has in the manner of discharge").

While Carroll failed to adequately allege that she was subject to stigmatizing statements that were false, and therefore failed to state a stigma plus claim in Count II of her Amended Complaint (Doc. 11), in her Second Amended Complaint, she does allege that she was subject to false, stigmatizing statements. Specifically, as noted above, Carroll alleges that "any representation that Plaintiff caused the Pinto attack is untrue" and that "Plaintiff was not responsible for any jail house beating . . . [c]onsequently said representation is false." (Sec. Am. Compl. ¶¶ 27, 29.) Given the increased specificity of these additional allegations, Carroll's Second Amended Complaint plausibly sets forth a claim of entitlement to relief.

Despite these additional allegations, Defendants contend that Count II of the Second Amended Complaint should be dismissed because of Carroll's "failure to request, or be denied, a name-clearing hearing." (Doc. 23, 6.) While Defendants cite district court cases from the Eastern District of Pennsylvania holding to the contrary,[2] in *Hill* the Third Circuit Court of Appeals noted "[i]t is not clear from the complaint whether [the plaintiff] requested any sort of name-clearing hearing, but we have not held that he was required to do so." *See Hill*, 455 F.3d at 239, n.19. Given the unsettled nature of

---

[2]   *See, e.g. Green v. Street*, No. 10-4529, 2011 WL 2517144, at *4 (E.D. Pa. June 22, 2011); *Maule v. Susquehanna Reg'l Police Comm'n*, No. 04-05933, 2007 WL 2844587, at *12 (E.D. Pa. Sept. 27, 2007); *Dombrowski v. Governor Mifflin Sch. Dist.*, No. 11-1278, 2012 WL 2501017, at *7 (E.D. Pa. June 29, 2012). *But see  Smith v. Borough of Dunmore*, No. 05-cv-1343, 2011 WL 4458787, at *6 ("A plaintiff need not request the name-clearing hearing in order to assert his claim."); *Erb v. Borough of Catawissa*, 749 F. Supp. 2d 244, 251 (M.D. Pa. 2010) ("A plaintiff's failure to request such a hearing is not fatal to his claim.").

this issue within the Third Circuit, Carroll will be allowed to proceed on her stigma-plus claim.[3]

Defendants also argue that Carroll's stigma-plus claim fails because she does not satisfy the "stigma" prong of a stigma-plus claim. (Doc. 23, 6.) In support of this argument, Defendants assert both that the statements were not adequately stigmatizing and that Carroll fails to allege that such statements were substantially or materially false. With respect to whether the alleged statements were adequately stigmatizing, Carroll's allegations that "Defendants disclosed Plaintiff's name to local media outlets accusing her of wrongdoing associated with allowing the criminal act of an inmate beat down by another inmate that caused the beaten inmate to be in a coma for a month" sufficiently state a claim to relief that is plausible on its face. Moreover, unlike her Amended Complaint, Carroll's Second Amended Complaint contains allegations that the representation that she was responsible for any jail house beating "is false" and "any representation that Plaintiff caused the Pinto attack is untrue." (Sec. Am. Compl. ¶¶ 29, 27.) Thus, despite Defendants' assertion that Carroll has failed to identify a "'substantially or materially false statement" to satisfy the stigma prong, Carroll will be allowed to proceed with her claim.

Finally Defendants assert that Count II should be dismissed because Carroll fails to satisfy the "plus" prong of her stigma-plus claim. Defendants do not cite any precedent binding on this Court holding that demotion and a significant reduction in pay fails to satisfy the "plus" prong of a stigma plus claim. As such, at this early procedural phase, Carroll may proceed on her stigma plus claim as she has sufficiently alleged

---

[3] Of course Defendants are free to advance this argument again at a later stage of litigation once the record has been fully developed.

"deprivation of an additional right or interest" that plausibly states a claim upon which relief can be granted.[4]  As such, Defendants partial motion to dismiss will be denied.

## CONCLUSION

Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint will be denied because Carroll has stated a plausible stigma-plus claim.

An appropriate order follows.

 January 29, 2014                                                                /s/ A. Richard Caputo  
Date                                                                                      A. Richard Caputo  
                                                                                                    United States District Judge

---

[4] Again, Defendants are free to raise this argument at a later stage, upon a more fully developed record.